ENERGY RESOURCES LIMITED PARTNERSHIP, BAUMGARDNER OIL COMPANY, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Energy Resources Ltd. Partnership v. Commissioner
Docket No. 15977-88
United States Tax Court
T.C. Memo 1990-240; 1990 Tax Ct. Memo LEXIS 248; 59 T.C.M. (CCH) 587; T.C.M. (RIA) 90240; May 17, 1990, Filed *248 Held: Respondent will not be allowed to amend his answer in order to raise a new issue which was brought to petitioner's attention for the first time at the commencement of trial. Theodore W. Hirsh, for the petitioner. Deborah Y. Clark, for the respondent. WHITAKER, Judge. WHITAKER
*826 MEMORANDUM OPINION There is pending before the Court in this case respondent's Motion for Leave to File Amendments to Answer to Conform the Pleadings to the Proof, which was filed at the Court's suggestion, after respondent's counsel raised new issues in her opening statement. Petitioner objected to raising these new issues and *249 has filed a written objection to respondent's Motion. Two Notices of Final Partnership Administrative Adjustments (FPAA) were issued by respondent pertaining respectively to petitioner's calendar year 1983 (docket No. 20022-87) and to petitioner's 1984 and 1985 calendar years which are the subject of the FPAA petitioned in *827 this case. The parties appear to be in substantial agreement as to the material facts in this case for purposes of this Motion. Either in 1981 or in 1982 petitioner commenced construction of an oil re-refining facility located in Pennsylvania. Although not fully completed during the year 1982, petitioner claimed depreciation and investment tax credit (ITC) with respect to the facility in an amount in excess of $ 4 million. In 1983 an additional almost $ 600,000 of property was added to the plant and appropriate depreciation and ITC claimed. Work on the plant ceased in July 1983 with the plant not fully completed. Respondent's agents accepted the 1982 partnership return as filed. In the FPAA issued for 1983 respondent disallowed all depreciation, disallowed the ITC claimed for that year, and recaptured the ITC which had been claimed for the 1982 year. Depreciation *250 was also disallowed for 1984 and 1985. Disallowance and recapture are based on respondent's determination that the plant ceased operations in July 1983, was abandoned, and the partnership was treated as not being in any trade or business. The parties' trial memoranda were received by the Court on January 8, 1990. With respect to the ITC, the parties' statements of the issues in the memoranda do not differ greatly. Petitioner states the issue to be whether the cessation of operations in 1983 was sufficient to deny petitioner investment credits for that year and to cause the prior year's investment credits to be recaptured. Respondent's memorandum states the issues with respect to the 1982 ITC to be whether that ITC should be recaptured in 1983, or in the alternative, recaptured in 1984 or 1985, and whether petitioner is entitled to ITC with respect to the investment in property during the year 1983, or in the alternative, whether property placed in service in 1983 ceased to be section 38 [1] property. *251 It is apparent from respondent's trial memorandum that respondent's focus was on the cessation of activity in July 1983. For example, under the heading "BRIEF SYNOPSIS OF LEGAL AUTHORITIES" respondent states: Then Energy Resources Shippensburg facility ceased to be section 38 property or was abandoned in 1983 when the employees and the facility stopped operating. The plant never operated after July, 1983. The plant was not used in the oil re-refining business after that date nor was it available for use in the oil re-refining business or in any other business. The partnership never attempted to operate the facility again. It is respondent's position that there was a cessation or abandonment in 1983. Furthermore, Energy Resources Limited Partnership ceased to be in the trade or business after July or August of 1983. However, in her opening statement respondent's counsel raised the issue with respect to the year 1983 that the property had not been placed in service, although conceding that respondent was not seeking to raise that issue as to the year 1982. Respondent's memorandum [2] in support of the pending motion states that "the FPAA, the respondent's discussions with *252 petitioner's counsel and the trial memorandum placed the petitioner on notice as to the basis of the adjustments in this tax case." The memorandum goes on to argue that the facility was not "in fact placed in service in either 1982 or in 1983." Respondent argues that petitioner's counsel has been well aware that the issue of "placed in service" is involved in this case, relying in part on a letter to the appeals officer dated September 30, 1988, from one of petitioner's counsel. However, the focus in that letter was on "whether the Facility was disposed of or ceased to be § 38 property in 1983 or in a subsequent year." Respondent's proposed amendment to answer alleges that the facility at the time of shutdown had neither been fully tested nor was it operational and that the facility was "never completed and the facility was never commercially operated." The amendment to answer also alleges that the facility "was not available for use in its specifically assigned function in 1983, 1984, or 1985." It is quite apparent that until the opening statement by respondent's counsel respondent and petitioner were focusing on the effect of the closing of the facility in July 1983, which in *253 effect was a concession that the property had been placed in service in 1982 and the addition in 1983. Respondent through counsel in her opening statement is attempting to shift position to focus on whether the facility was placed in service in 1982, in 1983, or in any subsequent year. Respondent's counsel contends that this is not a new issue since, whenever section 47 is raised, the taxpayer must demonstrate that the property was placed in service. We disagree. Respondent did raise a new issue at the commencement of the trial without having prepared and served on petitioner an amendment to *828 respondent's answer. We have held on many occasions that we will not consider an issue raised for the first time at trial. See, e.g., ; 508 . This case is not like , affd. in part and revd. and remanded in part , where we permitted the taxpayer *254 to raise a new issue at trial because respondent did not object and the issue was actually tried. In this case, we allowed the issue to be tried in order to expedite the trial since we felt that this last minute raising of new issues was too complex to decide from the bench. At that point there was nothing in the pleading, the trial memoranda, or any other documents filed by respondent which raised the issue. Respondent had ample opportunity to raise the placed-in-service issue in an amendment to the answer which could and should have been filed prior to the commencement of the trial. The fact that respondent may not have *255 been fully aware of all of the facts until shortly before the trial is respondent's fault. Had respondent pursued discovery effectively, the facts would have been available. Accordingly, respondent's motion will be denied. The parties are limited to the issues as stated on page 1 of respondent's trial memorandum dated and received by the Court on January 8, 1990. An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's memorandum in support of the Motion states that respondent's trial memorandum "asserted the recapture issue in the alternative for the years 1984 and 1985 with respect to both credits claimed in both 1982 and 1983." This is incorrect at least based upon the Court's copy of that memorandum. The alternative in the years 1984 and 1985 is asserted only as to the 1982 credit.↩